UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JENNIFER J. ADAMS,

                                Plaintiff,

      v.                                              **DECISION AND ORDER**
                                                                 12-CV-583S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                                  Defendant.

      1.      Plaintiff Jennifer J. Adams challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled under the Social Security Act ("the Act"). Plaintiff alleges that she became disabled on September 17, 2007. Plaintiff contends that her disability has rendered her unable to work since that date. She therefore asserts that she is entitled to payment of disability insurance benefits ("DIB") under the Act.

      2.      Plaintiff filed an application for DIB on or about September 19, 2009. Her application was denied. At Plaintiff's request, an administrative hearing was held before ALJ Bruce Mazzarella on April 27, 2011, at which Plaintiff appeared with her attorney and testified. ALJ Mazzarella considered the case *de novo*, and on July 27, 2011, found that Plaintiff was not disabled. On June 4, 2012, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action on June 20, 2012, challenging Defendant's final decision.[1]

      3.      On May 15, 2013, the Government filed a Motion for Judgment on the Pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff filed a

---

[1]The ALJ's July 27, 2011 decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (R. at 1-3).

1

Cross Motion for Summary Judgment on June 17, 2013, pursuant to Rule 56 of the Federal Rules of Civil Procedure. After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo*

review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. Although the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and

work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

      9.     In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since the application date of September 17, 2007 (R. at 29);[2] (2) Plaintiff has the following "severe" impairments according to the regulations: multiple sclerosis and back pain (R. at 29); (3) Plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 29); (4) Plaintiff retained the residual functional capacity to sit, stand and/or walk for an eight-hour workday with only normal breaks and meal periods, lift and carry 20 pounds occasionally and 10 pounds frequently and should not frequently stoop, crouch, or climb stairs (R. at 30); and (5) Plaintiff is able to perform her past relevant work (R. at 34). Considering Plaintiff's age, college degree, and her residual functional capacity, the ALJ determined, based on the Medical-Vocational Guidelines and the testimony of a vocational expert, that there are a number of jobs in the national economy that Plaintiff could perform. (R. at 34). Ultimately, the ALJ determined that Plaintiff was not under a disability, as defined by the Act, at any time from the alleged onset date of disability through the date of his decision, July 27, 2011. (R. at 34).

      10.    Based on his examination of the record, the ALJ found that Plaintiff would

---

[2] Citations to the underlying administrative record are designated as "R."

4

be able to perform sedentary work. The Code of Federal Regulations defines sedentary work as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one that involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

11. Plaintiff's first challenge to the ALJ's decision is to his negative credibility determination. The ALJ found that Plaintiff's testimony with respect to the "intensity, persistence and limiting effects" of her symptoms was inconsistent with the medical evidence. (R. at 31, 33). Plaintiff maintains that this was error.

12. When an ALJ's credibility finding is supported by substantial evidence, the reviewing court must defer to it. See Aponte v. Secretary, Dep't of Health & Human Servs., 728 F.2d 588, 591 (2d Cir. 1984). The ALJ's credibility findings in this case are supported by substantial evidence. In assessing Plaintiff's credibility, the ALJ found that her subjective complaints (and the similar testimony of her husband and mother) were inconsistent with the objective medical evidence in the record. (R. at 31). Specifically, the ALJ found that Plaintiff had no documented medical treatment between January 2006 and June 2009, and that in July 2009, Plaintiff's motor examination was normal. (Id.). The ALJ further found that although Plaintiff complained of difficulty using her hands and balancing, a medical examination by Dr. Kelley revealed that Plaintiff was able to fully squat and to walk on her heels and toes without difficulty. (R. at 32.) Moreover, Plaintiff's stance was normal and she needed no help to change for the examination or any assistance getting on or off the examination table. (Id. at 32-33).

5

Plaintiff also contends that the ALJ did not properly consider the side effects of her medications from January 1, 2007, to March 18, 2011. This is not correct. The ALJ noted that Plaintiff's medication list did not describe any medications from 2007-2011, but he recognized and discussed Plaintiff's use of several medications and their impact on her health and credibility. (See R. at 31-33). Based on a lack of objective medical evidence in the record supporting Plaintiff's subjective complaints about her pain levels and limited daily activities, this Court finds no clear error in the ALJ's credibility assessment of Plaintiff.

13. The ALJ also considered evidence outside Plaintiff's medical record in making his credibility determination. See Rosado v. Shalala, 868 F. Supp. 471, 472-73 (E.D.N.Y. 1994) (holding that an ALJ may consider the existence, nature, and frequency of Plaintiff's activities when determining credibility). This evidence included Plaintiff's daily activities of raising two young children, showering, dressing herself, watching television, driving, and doing laundry. (R. at 33, 195-200, 303). The ALJ considered these activities in assessing Plaintiff's credibility. (R. at 33).

Finally, contrary to Plaintiff's argument otherwise, the ALJ properly weighed Plaintiff's work history. Although a long work history generally supports an inference in favor of Plaintiff's claims, see Singletary v. Sec'y of H.E.W., 623 F.2d 217, 219 (2d Cir.1980), Plaintiff admits that she did not search for work after September 27, 2007, because she did not believe she would be hired and retained. (R. at 79-80). Plaintiff therefore concedes that she stopped working because of her own belief that no one would hire or retain her, not because her symptoms prevented her from working.

14. Plaintiff next challenges the ALJ's evaluation of her combined impairments. An ALJ is required to consider a plaintiff's combined impairments in determining eligibility.

20 C.F.R. § 404.1523, 1569. When determining Plaintiff's RFC, the ALJ considered medical evidence from Drs. Kelley, Yu, Baskin, and Hojnacki. (R. at 296-97, 299, 302-05, 337, 384, 428). Based on this evidence, the ALJ determined that Plaintiff's claimed mental health issues, post-partum depression, uterine fibroids, and hysterectomy, did not meet the criteria necessary to receive benefits and did not affect Plaintiff's ability to perform her past work activities. (R. at 29, 33.) The record reflects the ALJ's proper consideration of these impairments and substantial evidence supports his decision that they do not render her disabled. (R. at 29, 33).

15. Lastly, Plaintiff argues that the ALJ erred in assessing her RFC and finding that she could perform her past relevant work. Plaintiff maintains that the ALJ failed to properly weigh her treating physicians' opinions. According to the "treating physician's rule,"[3] the ALJ must give controlling weight to the treating physician's opinion when the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000).

Having reviewed the record, this Court finds no reversible error in the ALJ's consideration of Plaintiff's treating physicians' opinions. Although there is considerable medical evidence from Plaintiff's treating physicians regarding her conditions, that evidence does not conflict with the ALJ's finding that Plaintiff is able to perform light work. Moreover, other medical evidence in the record from Drs. Yu and Andrews supports the ALJ's

---

[3] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No. 03-Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

conclusions. It is the ALJ's sole responsibility to weigh all of the medical evidence and resolve any material conflicts in the record. See Richardson v. Perales, 402 U.S. 389, 399, 91 S. Ct. 1420, 1426, 28 L. Ed. 2d 842 (1971). Here, it cannot be said that the ALJ arbitrarily substituted his own judgment for those of Plaintiff's treating physicians.

In terms of Plaintiff's RFC, this Court finds that the ALJ's assessment is proper. The ALJ found, based on the available medical records, that Plaintiff could perform her past relevant work. Based on the medical evidence, there is substantial support for the ALJ's determination that Plaintiff can sit, stand, and/or walk for eight hours a day with normal breaks. Medical evidence from Plaintiff's own physicians demonstrates her ability to perform such tasks. (R. at 30-32). Plaintiff bears the burden of proving her RFC, yet at no time did Plaintiff's doctors deem her incapable of performing light duty work. It was therefore reasonable for the ALJ to rely both on the available medical evidence and the lack of evidence when determining Plaintiff's ability to perform light work. See 20 C.F.R. § 404.1545(a)(3); see also S.S.R. 86-8.

16. After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case, including the objective medical evidence and supported medical opinions. It is clear to this Court that the ALJ thoroughly examined the record, appropriately assessed Plaintiff's credibility, her treating physicians' opinions, her combined impairments, and her ability to perform past relevant work. Accordingly, finding no reversible error and that substantial evidence supports the

ALJ's decision, this Court will grant Defendant's Motion for Judgment on the Pleadings and deny Plaintiff's Motion for Summary Judgment.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 7) is GRANTED.

FURTHER, that Plaintiff's Cross-Motion for Summary Judgment (Docket No. 9) is DENIED.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: August 16, 2013
       Buffalo, New York

                                           /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                                 Chief Judge
                                         United States District Court